TROPICANA PRODUCTS, INC., PLAINTIFF *v.* THE UNITED STATES, DEFENDANT.

Court No. 82-1-00075

Before NEWMAN, *Judge.*

---

(Dated June 24, 1982)

*Baker & McKenzie (William D. Outman II, Thomas P. Ondeck* and *M. Page Hall II,* Esqs., on the brief) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General *(Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, and *Deborah E. Rand,* Esq., on the brief), for the defendant.

BERNARD NEWMAN, *Judge:* Plaintiff has moved pursuant to Rule 59(e) for an amendment of my memorandum and order of May 20, 1982 denying plaintiff's motion for a preliminary injunction in *Tropicana Products, Inc.* v. *United States,* 3 CIT 171, Slip Op. 82–40 (1982). There, I found that plaintiff had failed to sustain its burden of proof on the issue of irreparable harm and also had failed to establish probability of success on the merits. Respecting the latter finding, I noted that plaintiff had failed to present any analysis or discussion of the case law interpreting the term "manufactured".

The predicate for plaintiff's present motion is that no consideration was given to certain exhibits filed with the pleadings in connection with the issue of probable success on the merits. Specifically, as exhibits to its original complaint, plaintiff had filed copies of a brief and an addendum thereto that plaintiff had previously submitted to the Customs Service on May 15, 1981 and July 17, 1981, respectively. On April 23, 1982 plaintiff submitted an amended complaint in this action. Although the exhibits filed with the original complaint are mentioned in the amended complaint, those exhibits were not attached to the amended pleading; nor were the exhibits attached to plaintiff's memorandum of points and authorities in support of its motion for a preliminary injunction. Nevertheless, I agree with plaintiff's contention that under Rule 10(c) the exhibits attached to the original complaint should be considered as adopted by reference in the pleadings.

After carefully considering the legal analysis and cases cited (including administrative rulings) set forth in the administrative briefs filed as exhibits to the pleadings, plaintiff's memorandum in support of its present motion and defendant's memorandum in opposition, I conclude that I must adhere to my original determination denying plaintiff's application for a preliminary injunction.

Plaintiff's failure of proof on the issue of irreparable harm, as discussed in my original decision, strongly militates against granting a preliminary injunction. As observed by Chief Judge Re in *American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, Slip Op. 81–45, 515 F. Supp. 47 (1981):

> Although the extraordinary remedy of a preliminary injunction is not available unless the moving party's burden of persuasion is met as to all four factors, the showing of likelihood of success on the merits is in inverse proportion to the severity of the injury the moving party will sustain without injunctive relief, i.e., the greater the hardship the lesser the showing.

242

In the present case, plaintiff has not met its burden of persuasion as to all four factors. Although plaintiff has reargued the issue of irreparable harm, plaintiff's substantially deficient proof (viz., the Hamrick affidavit) and the controverting counter-affidavits submitted by defendant remain as the record before the Court on the issue of irreparable harm. In view of the foregoing, and following the rationale of *American Air Parcel Forwarding Co.,* plaintiff had the burden of showing a high degree of likelihood of success on the merits. I find that plaintiff has not made the requisite showing as respects the merits despite the inclusion of plaintiff's administrative briefs.

In summary, I adhere to my original determination denying plaintiff's application for a preliminary injunction. However, in light of plaintiff's administrative briefs, my memorandum of May 20, 1982, Slip Op. 82–40, is hereby amended by deleting the following sentence on pages 11 and 12:

> Yet, despite substantial judicial pronouncements on the meaning of the very term in issue in this case, plaintiff has failed to present any analysis or discussion of the case law, and indeed has failed to cite a single decision which is claimed to support its interpretation of the term 'manufactured'.

Plaintiff's application pursuant to Rule 59(e) for an amendment of this Court's memorandum and order of May 20, 1982 is granted only to the extent indicated above, and is denied in all other respects.